IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DUIT CONSTRUCTION COMPANY, INC., )<br>)<br>Plaintiff, )<br>)<br>-vs- )<br>)<br>THE GUARANTEE COMPANY OF )<br>NORTH AMERICA USA, )<br>)<br>Defendant. ) | Case No. CIV-23-0070-F |

## ORDER

The court is in receipt of defendant, The Guarantee Company of North America USA's Notice of Removal (Notice). Doc. no. 1. The alleged basis for the court's exercise of subject matter jurisdiction is diversity jurisdiction, 28 U.S.C. § 1332. *Id*. at ECF p. 3, ¶ II.A. However, the jurisdictional allegations in the Notice are insufficient to establish diversity jurisdiction.[1]

The Notice alleges that plaintiff alleges that "it is an Oklahoma Corporation" and that "Defendant is a Delaware corporation." Doc. no. 1, ECF p. 3, ¶ II.A. For purposes of diversity jurisdiction, a corporation is deemed to be a citizen of every state by which it has been incorporated and of the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1). The Notice and plaintiff's petition fail to allege the state where plaintiff and defendant have their principal places of business.

---

[1] Federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." Arbaugh v. Y&H Corp., 546 U.S. 500, 514 (2006).

Accordingly, defendant is **DIRECTED** to file an amended notice of removal, within ten days of the date of this order, which provides the missing jurisdictional information regarding plaintiff and defendant to establish diversity jurisdiction.[2] Defendant may provide the jurisdictional information regarding plaintiff based upon information and belief. If defendant is unable to provide the missing jurisdictional information regarding plaintiff, defendant shall file a written notice so advising the court at the same time it files the amended notice of removal.

Failure to comply with this order may result in the remand of the action to state court.

IT IS SO ORDERED this 24th day of January, 2023.

_____
STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

23-0070p001.docx

---

[2] Lest it be thought that these requirements exalt formalities a bit too much, the court will note that it is not unusual for the Court of Appeals, after a case has run its entire course in the District Court, to remand a case because the jurisdictional allegations made at the very outset of the case were deficient – a turn of events that can and should be avoided so that the parties may litigate on the merits without having to worry about losing the benefit of a judgment in the final stage of the litigation.